**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-30825

(Summary Calendar)
_____

CSX TRANSPORTATION, INC.,

                        Plaintiff,

versus

JESSIE POLLARD, ET AL,

                        Defendants

WILLIAM LYONS,

                        Third Party Plaintiff -
                        Appellee

versus

WILLIAM F WALTER,

                        Third Party Defendant -
                        Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-3436-D)

_____

March 12, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

William Walter ("Walter"), third-party defendant below, appeals the district court's summary judgment granted in favor of William Lyons ("Lyons") for Walter's negligent failure to procure a $300,000 insurance policy for Lyons. We affirm.

We review the district court's grant of summary judgment *de novo* and affirm when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). Walter readily admits to this Court that he was "negligent in not covering defendant's vehicle with insurance." Walter nonetheless raises three points on appeal, he argues (1) that the district court abused its discretion when it struck an entry of default entered between defendant Lyons and CSX Transportation, the original plaintiff below; (2) that Walter should not be held personally liable because the corporate shield protects him from personal liability; and (3) that his due process rights were violated because he was not joined as a third-party defendant until one of the original defendants had been dismissed from the case. All of Walter's points of contention are without merit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We note as a preliminary matter that the entry of default was on CSX Transportation's claim against Lyons (and did not involve any claim against Walter), that CSX consented to Lyons' motion to strike the entry of default, and that the district court never entered a default judgment against Lyons. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (distinguishing between an "entry of default" and a "default judgment"). Under FED. R. CIV. P. 55(c), the district court can set aside an entry of default for "good cause." *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992) (examining "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented"). We review this decision for an abuse of discretion. *See id.* Walter fails to elucidate a single factor to indicate the district court abused its discretion in striking the entry of default.

We similarly dismiss Walter's argument that he cannot be held individually liable for his admitted negligence in failing to secure insurance. Under well-established Louisiana law, an insurance agent is directly liable for his own fault or neglect. *See Opera Boats v. Continental Underwriters*, 618 So.2d 1081, 1085-86 (La. Ct. App. 1993); *see also Neustadter v. Bridges*, 406 So.2d 738, 741 (La. Ct. App. 1981) (holding that "an insurance broker has a fiduciary responsibility to the insured as well as to the insurer and is liable for his own fault or neglect"). Walter concedes his

own negligence and is therefore liable under Louisiana law: "A client is entitled to recover from an insurance agent any loss sustained by the agent's failure to obtain the requested insurance, if the agent's actions warrant an assumption by the client that he was properly insured." *Id.*

Walter's final point of error is likewise without merit. He presents no authority for his claim that his due process rights have been violated. Because Walter has admitted his negligence in failing to procure insurance for Lyons, the district court did not err in granting summary judgment in favor of Lyons. Accordingly, the judgment of the district court is AFFIRMED.